IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **CONNIE S. TUTOR** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. 3:14cv253CWR-LRA |
| **DELTA AIR LINES, INC.** | **DEFENDANT** |

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Connie S. Tutor, by any through her counsel, Louis H. Watson, Jr., and files this action to recover damages for violations of her rights under the Age Discrimination in Employment Act of 1967, Title VII of The Civil Rights Act of 1964 and 42 U.S.C. § 1981. The actions of Defendant constitute a willful violation of the ADEA, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## PARTIES

1. The Plaintiff, Connie S. Tutor, is an adult resident of Simpson County, Mississippi, residing at 113 Tutor Drive, Magee, Mississippi 39111.

2. The Defendant, Delta Air Lines, Inc., is a Delaware Corporation licensed to do business in the State of Mississippi. Defendant may be served through its registered agent: Corporation Service Company, 506 South President Street, Jackson, Mississippi 39201.

## JURISDICTION AND VENUE

3. Jurisdiction of this civil action is conferred by federal question jurisdiction, 28 U.S.C. § 1331, and civil rights jurisdiction, 28 U.S.C. § 1343, and venue is proper in this Court.

A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit "A," and a true and correct copy of the EEOC's Dismissal and Notice of Right is attached hereto as Exhibit "B."

## STATEMENT OF THE FACTS

4. Plaintiff is an adult female who is 50 years of age.

5. Plaintiff was hired by Defendant on August 16, 1999 as a Customer Service Agent.

6. On Tuesday, February 28, 2012, Plaintiff was working in the room known as the training room. Plaintiff sat down in a chair at the first computer, turned in the chair to close the door and a table that was propped up behind the door fell hitting Plaintiff directly on the head. Mr. Markeeth Taylor, one of Plaintiff's co-workers and Cherese Evans came and helped Plaintiff get up off the floor. Mr. Taylor had to lift the table off of Plaintiff. In June of 2011, Plaintiff underwent major surgery donating one of her kidneys to her husband. Plaintiff was still trying to be very careful not to make sudden moves as her body was still healing from the surgery.

7. On Thursday, December 6, 2012, Plaintiff went on a trip to New York with three friends. Plaintiff and her friends flew Delta Airlines to New York. Delta gate agent, Blake Hillman, upgraded Plaintiff and her friends on the segment from Atlanta to New York. While Plaintiff was in New York, Plaintiff was told by a co-worker, Tonya Thompson, that Blake Hillman has been escorted out of the terminal and his badge removed on Friday, December 7, 2013. Plaintiff returned from her trip on Monday, December 10, 2012.

8. On Tuesday, December 11, 2012, Plaintiff was contacted by Steven Carpenter, Supervisor, at her home while she was still on vacation. Plaintiff was ask to come to the terminal at 12:00 noon for a meeting regarding Plaintiff's trip. Plaintiff ask Mr. Carpenter what it was about and was told that he could not say. At the meeting, Plaintiff was told by Bryan Street, Delta Airlines

Station manager, that Plaintiff needed to write a statement regarding her recent trip to New York where Plaintiff and her friends were upgraded on the flight from Atlanta to New York. Upon checking in at the Jackson, Mississippi terminal, one of the ladies with Plaintiff had a Delta American Express card, so therefore all bag fees were waived. On the return trip, Plaintiff checked in before the others did. Plaintiff told the agent that she was a Delta employee and it was the agent's decision to waive Plaintiff's bag. When one of the other ladies checked in, she had a Delta American Express card to pay for her bag, and Amarilys Carter, traveling with Plaintiff paid for her own bag.

9. Also at this meeting, Mr. Street questioned Plaintiff regarding a future trip that her son, Jordan Tutor and his fiancee Dollie Welch were taking in April for their honeymoon. Plaintiff told Mr. Street that she was going to get the miles from a friend who was donating them to her son as a wedding present or she was going to charge them on her American Express card, which Plaintiff did. At the end of the meeting, Mr. Street informed Plaintiff that she was being placed on probation.

10. On January 2, 2013, Plaintiff received a phone call at 10:30 a.m. from Mr. Street. Mr. Street left a voice message asking Plaintiff to return his call to his office number. About ten minutes later, Mr. Street called Plaintiff again from his cell phone leaving the exact same message. At 11:30 a.m., Plaintiff returned Mr. Street's phone call. At that time, Mr. Street explained to Plaintiff that she had two options, she could resign or be terminated. Plaintiff then told Mr. Street that she would have to call him back. At 5:00 p.m. that afternoon, Mr. Street called Plaintiff and left a message saying the Plaintiff had until 3:00 p.m. the next day to give him her decision.

11. On January 3, 2013, Plaintiff and her husband, Terry Tutor, went to the Jackson airport to collect Plaintiff's things out of her locker. Plaintiff asked Javores McKinney, Delta Red Coat, to call Mr. Street to bring Plaintiff her keys. Mr. Street brought Plaintiff one key from her badge, but she had two. Plaintiff asked Mr. Street about the other key and he asked Plaintiff to come with him to the office to retrieve the other key. Plaintiff declined to go to the office with Mr. Street.

Plaintiff asked to have a member of leadership to witness her colleting her things. Mr. Street told Plaintiff that it was not necessary, however, Plaintiff insisted, so Javores McKinney went with Plaintiff to empty out her locker. Mr. Street came into the room and asked Plaintiff if she had gotten his last phone call regarding a decision by 3:00 p.m.. Plaintiff told Mr. Street that she did, but that she was not resigning and then left the terminal.

12. Defendant has unlawfully discriminated against Plaintiff in violation of the Age Discrimination in Employment Act of 1967 because of Plaintiff's age (50). Specifically, Plaintiff was over the age of forty (40). Plaintiff was more than qualified for her position. Defendant terminated Plaintiff; therefore, Plaintiff suffered an adverse employment decision. Defendant replaced Plaintiff with a person under the age of thirty (30) who was substantially younger than Plaintiff.

13. After Plaintiff filed a Workers' Compensation claim, Defendant, Delta Airlines, retaliated against Plaintiff by terminating her employment. When a similarly situated younger African-American male co-worker who was approximately 30 to 35 years of age received an on the job injury, he was not discharged.

14. Defendants' actions constitute a willful violation of Title VII, 42 U.S.C. § 1981 and the Age Discrimination in Employment Act.

## CAUSES OF ACTION

### COUNT ONE: – VIOLATION OF ADEA

15. Plaintiff incorporates paragraphs 1 through 14 above as though specifically set forth herein and alleges that:

16. Defendant's actions constitute age discrimination, a direct violation of the Age Discrimination In Employment Act.

17. As a direct and proximate result of the acts and omissions of Defendant described above, Plaintiff has suffered lost wages and benefits and other pecuniary loss as well as deep pain, humiliation, anxiety, and emotional distress.

## COUNT TWO: VIOLATIONS OF TITLE VII AND 42 U.S.C. § 1981 - RACE DISCRIMINATION

18. Plaintiff incorporates the above paragraphs 1 through 17 as though specifically set forth herein and alleges as follows:

19. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her race.

20. Plaintiff has suffered an adverse employment action as a result of the Defendant's racially discriminatory treatment of Plaintiff.

21. Plaintiff has been harmed as a result of the Defendant's discrimination, and the Defendant is liable to the Plaintiff for the same.

## COUNT THREE: VIOLATIONS OF TITLE VII - SEX DISCRIMINATION

22. Plaintiff incorporates the above paragraphs 1 through 21 as though specifically set forth herein and alleges as follows:

23. Plaintiff has been discriminated against in the terms and conditions of her employment on the basis of her gender.

24. Plaintiff has suffered adverse employment action as a result of the Defendant's discriminatory treatment of Plaintiff.

25. Plaintiff has been harmed as a result of the Defendant's discrimination and the Defendant is liable to the Plaintiff for the same.

26. The acts of the Defendant constitute a willful intentional violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damages.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement or future wages in lieu of reinstatement;
2. Back pay;
3. Compensatory damages;
4. Liquidated damages;
5. Punitive damages;
6. Attorney's fees;
7. Costs and expenses; and
8. Any other relief to which she may be properly entitled.

THIS the 25th day of March, 2014.

Respectfully submitted,

CONNIE S. TUTOR, PLAINTIFF

By: *[signature]*

Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
628 North State Street
Jackson, Mississippi 39202
Telephone: (601) 968-0000
Facsimile:  (601) 968-0010
Email: louis@watsonnorris.com